UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JESSICA BARNETT, | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. |
| v. | ) |
| | ) |
| GRANT COUNTY PROSECUTOR'S OFFICE, | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff alleges against Defendant as follows:

1. The Plaintiff is Jessica Barnett, a qualified employee of the Defendant who is Hispanic, with dark hair, skin, and eyes. Plaintiff contends Defendant has discriminated and retaliated against her on the basis of her race, color, and national origin in violation of her federally protected rights pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and 42 U.S.C. § 1981.

2. Defendant is Grant County Prosecutor's Office, a company doing business at 101 E. 4th St. #104, Marion, IN 46952. Defendants is an "employer" for the purposes of Title VII and § 1981.

3. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 470-2020-01827, on or about February 27, 2020, a copy of which is attached hereto, incorporated herein, and made a part hereof as "Ex. A." The EEOC issued its Dismissal and Notice of Rights on November 18, 2020, a copy of which is attached hereto and made a part hereof as "Ex. B." All administrative remedies

have been exhausted, and all jurisdictional requirements have been met for the filing of this lawsuit.

4. Plaintiff had worked for the Defendant for approximately 6 years. Plaintiff's title at the time of separation from employment was Pretrial Diversion Clerk.

5. On or about December 19, 2019, Grant County Prosecuting Attorney Rodney Faulk ("Rodney") accused Plaintiff of coming in late and leaving early, which was untrue. Rodney berated Plaintiff, yelling at her and treating her with disrespect. Rodney then informed Plaintiff that he was moving her office. However, Plaintiff's Caucasian coworkers are often late, take long lunches, and extra time on breaks, but are not disciplined or relocated within the office.

6. Plaintiff moved her office the next day but was not allowed to take her second computer screen, keyboard, or mouse (which were needed) and her work keys were taken away. As a result of her keys being taken away, Plaintiff could not get into her office and had to wait until 8:15am daily for another employee to let her in, causing the Plaintiff to be late.

7. Plaintiff sent several emails to Rodney asking for a meeting to discuss the work-related items, but her requests were ignored.

8. After weeks of being locked out of her office in the morning and having her requests for a meeting ignored, on January 16, 2020 Plaintiff sent Rodney and two other employees (Nancy Soultz, office manager, and Evan Hammond, chief deputy prosecutor) an email and indicated that she felt as though the treatment she was receiving was based upon the fact that she was Hispanic and asked for the discrimination to stop.

9. Following her complaint of discrimination, Plaintiff's access to the computer program that was necessary to do her job was revoked without her knowledge since she was not deemed "essential personnel". Plaintiff needed the program to do her job.

10. On January 28, 2020, Plaintiff was called into a meeting with HR representatives Nancy Bender and Justin Saathoff, as well as Rodney, and asked why she felt as though she was being discriminated against. Plaintiff explained to the HR reps all that Rodney had done to her (including the taking of her computer and keys). Rodney claimed that her keys had been taken because she was suspected of "taking files" that had come up missing during "the week of her move" (but her move only took one day, and her keys were taken the same day she moved). Plaintiff then asked, "if my skin color was the same as everyone else's in the office would I still be a suspect?" No one responded.

11. Rodney then denied knowing anything about the computer items being taken or Plaintiff's access to the computer program being denied. Plaintiff stated to the HR reps that she had emails that proved his statements were a lie. Grasping at straws, Rodney then created a new accusation, and accused Plaintiff of "stalking" a female co-worker (Caucasian) that she had reported for taking too long of breaks. Again, this accusation was untrue.

12. Plaintiff was thanked by the HR reps for coming in and was told that they would look into getting her keys and computer equipment back.

13. On January 31, Plaintiff was in her office, on her phone conducting business, when suddenly at least four people from within the office began trying to call her. Because she was already on the phone, she was unable to answer the multiple calls coming in. The phone system shows others in the office when someone is on their phone. Shortly

thereafter, Plaintiff received an email from the office manager Nancy Soultz stating that she now had to notify LuAnn Randol, Christina Rumple, or the receptionist every time she went to lunch, to the court, or would be out of the office for vacation, personal, or sick days. No Caucasian employee had to "check in" in this manner.

14. Then, On February 3, 2020, as Plaintiff was getting ready to go to leave her office to go to the courthouse, when John Kauffman walked into her office and handed her a letter. The letter stated she was being terminated immediately for alleged "insubordination," "creating a hostile work environment," as well as because a "Judicial Officer had to inquire directly" with her about a pending matter because "the Deputy Prosecutor could not obtain the information" from her. Plaintiff denies she was ever asked about the case in question by any prosecutor.

15. Plaintiff contends that the proffered reasons for her termination were false and pretextual, and in reality, she was discriminated against on the basis of her race, color, and nationality, and retaliated against for complaining of the discrimination in violation of her federally protected rights under Title VII and § 1981.

16. Plaintiff contends that the Defendants' discriminatory treatment based on her race, and the retaliation based upon complaining of the discriminatory treatment, was the direct and proximate cause of Plaintiff suffering the loss of her job and job-related benefits, including income, and subjected Plaintiff to embarrassment, emotional distress, and other damages and injuries. Plaintiff seeks compensatory damages.

17. Furthermore, the Defendant's discriminatory and retaliatory conduct was knowing, intentional, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights under Title VII and § 1981, warranting an imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages, punitive damages, reasonable attorney fees and costs, and all other just and proper relief.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**LAW OFFICE OF JENNIFER L. HITCHCOCK**

 /s/Jennifer L. Hitchcock
Jennifer L. Hitchcock, #34635-02
116 E. Berry Street, Suite 625
Fort Wayne, IN 46802
Telephone:	(260) 240-4644
Facsimile:	(260) 444-3441
E-mail:	Jennifer@jhitchcocklaw.com
Attorney for Plaintiff